### VAUGHN et ux. v. CONTINENTAL ROYALTY CO.

No. 9380.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1940.

Rehearing Denied Jan. 14, 1941.

Ben D. Clower and Frank Bezoni, both of Tyler, Tex., for appellants.

Charles W. Starling, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, filed in trespass to try title to recover 101 acres of land before the new Federal rules took effect, was tried under the formal pleadings applicable in Texas to such actions. As established by the stipulation the unchallenged findings and the evidence brought up in the record, these are the controlling facts: (1) George Lilienstern is the common source of title; (2) on November 15, 1917, he conveyed to McPeters by warranty deed the 101 acre tract of land involved in the suit. (3) This deed was filed for record on November 15 and was recorded on November 16, 1917, in the deed records of Titus County, Vol. 36, page 436. (4) On March 30, 1921, McPeters and wife executed and delivered to the defendant, Continental Royalty Company, an instrument reciting that in consideration of $6.00 an acre, to be paid by it, they had sold to it an undivided ½ interest in the mineral rights in and under the following described tract of land: "Lying and being situated in the County of Titus, State of Texas, being out of the W. N. Baker Survey, and more fully described as follows: containing 101 acres more or less, recorded November 16, A. D. 1917, Book 36, page 434; being out of the M. E. P & P Railroad Survey, containing 75 acres more or less, recorded January 4, 1918, Book 36, page 587." The instrument also contained provisions contractual in their nature but they are immaterial here because of the unchallenged finding that as to the 101 acres in controversy, the consideration named in the instrument was fully paid and accepted. (5) On December 14, 1929, McPeters and wife delivered to the plaintiffs, a deed to the 101 acre tract of land, describing it by metes and bounds and also reciting that it was the same land conveyed by George Lilienstern to McPeters, of record in Titus County, deed records, Vol. 36, page 434.

The reference in the deed from McPeters to defendant to the acreage sold, to the book and page of record and date of recording was correct except that the page should have been 436 instead of 434. When applied to the record it is obvious that the reference to the page was a clerical mistake and it was known to plaintiffs to be such because in the deed from McPeters to them, exactly the same mistake in page reference was made.

To overthrow defendant's claim under the transfer from McPeters, plaintiffs offered the pleadings and a default judgment in a suit of McPeters against the defendant, in which it was claimed and adjudicated as to the 75 acres described in the suit, one of the tracts described in the transfer from McPeters to the defendant, that the instrument should be canceled and held to be without force and effect. Neither the pleadings nor the judgment in that suit described or at all undertook to deal with the 101 acres in suit here.

Defendant on its part objected to the judgment as void for want of proof that jurisdiction over it had been acquired and considerable testimony was taken on that point. Without setting it out, it is sufficient for us to say that the record requires a finding that the judgment was with jurisdiction and was valid.

■ On these facts three questions arise. The first is, was the description in the deed from McPeters to defendant sufficient to identify and convey the land in suit? We think it was. Where as here, there is not a patent but merely a latent ambiguity in a description which when applied, is shown to be plainly a clerical or other unimportant error, and it appears from the facts that the parties knew what land was intended to be conveyed and acted on that knowledge, the courts of Texas have sustained assertions of title under such deeds by rejecting that part of the description which is false and sustaining the part of it which is true. 14 Tex.Jur. Deeds, Secs. 201, 203-4-5-6-7-12 and 14; Myers v. Maverick, Tex.Civ.App., 27 S.W. 1083; Easterling v. Simmons, Tex.Civ.App., 293 S.W. 690, at page 693; Coffey v. Hendricks, 66 Tex. 676, 2 S.W. 47; Caddell v. Lufkin Land & Lumber Co., Tex.Com.App., 255 S.W. 397; Douthit v. Robinson, 55 Tex. 69; Gorham v. Settegast, 44 Tex.Civ.App. 254, 98 S.W. 665, 673; Noland v. Weems, Tex.Civ.App., 141 S.W. 1031 at page 1034; Ludtke v. Mackey, Tex.Com.App., 261 S.W. 140.

■ Here the statement of the acreage conveyed, the date of filing and recording and the book in which recorded was correct. Only the page reference, by referring to page 434 instead of as it should have done, to page 436, was wrong. It is true that the record would have been more satisfactory had the evidence affirmatively shown that there was no 101 acre deed recorded on page 434, that in short the reference to 101 acres could be satisfied only by turning to page 436, as this would have cleared up any possible question as to

whether the reference was a mistake. In view however of the findings and the undisputed facts as to the intention of the parties which are in no way challenged by appellant and in view of the absence from the record of any evidence that there was a deed recorded on page 434 conveying a 101 acre tract but a different one, we think it clear that we must give effect to the judge's findings in defendants favor, not by way of reformation, but as a finding sustaining the deed as written.

■ The second question, whether plaintiffs were innocent purchasers as to the deed, because of its deficiency in description, must, under the authorities, be decided against them. They bought by a deed containing the same incorrect reference and they are charged with knowledge obtained when they examined their deed of record that the description was a clerical error in both deeds and in the absence of positive proof that they were in fact, they cannot claim to be innocent purchasers. W. T. Carter & Bro. v. Davis, Tex.Civ.App., 88 S.W.2d 596, 602; Douthit v. Robinson, 55 Tex. 69; Turner v. Cochran, 94 Tex. 480, 61 S.W. 923, 924; Carter v. Hawkins, 62 Tex. 393; Gulf Production Co. v. Continental Oil Co., Tex.Sup., 132 S.W.2d 553, 568.

■■ The third question is what effect should be given the judgment of cancellation as to the 75 acres entered in the suit of McPeters against the defendant. We think the district judge was right in disregarding this suit and judgment altogether, for, concerned only with the 75 acres, and a general judgment merely ordering cancellation as to that tract, the judgment was not res judicata as to the 101 acres. Nor, within the principle of Southern Pacific Ry. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831 and Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, that a question or fact adjudged cannot be disputed in a subsequent suit between the same parties or their privies can plaintiff assert that the judgment canceling the contract as to the 75 acres was an adjudication that the contract was void in whole. The judgment in the former suit was a general one without specific findings and in the face of the unchallenged finding in this suit, that the consideration for the 101 acre tract was fully paid to and accepted by McPeters, it might very well be

claimed, even if this were a suit by McPeters to cancel the contract as to the 101 acres, that the former judgment determined merely that the contract was voidable as to the 75 acres and no more. But, this is not such a suit and since McPeters has not elected to disaffirm the contract as to the 101 acre tract, it is quite clear that his vendee in this proceeding cannot urge the judgment as to the 75 acres in bar of this suit.

While therefore we think it quite clear that, though the case was not one for the remedy of reformation and that if the instrument had needed reformation to make it effective, the judgment ought not to stand, we think it equally clear that there was no need for reformation and that the judgment in defendant's favor was right and should be affirmed.

Affirmed.

SIBLEY, Circuit Judge (dissenting).

The meager description quoted is supposed to refer to two tracts of land, one of 101 acres and the other of 75 acres. The latter is not involved here. The words "being out of the W. N. Baker Survey, and more fully described as follows, containing 101 acres more or less recorded Book 36, page 434", do not identify any 101 acres of the W. N. Baker Survey unless by the reference to the deed record. What appears on the page referred to does not appear in the record. All we know is that the 101 acres in dispute are not described there. This deed either purports to convey whatever land is described on page 434, or it fails to describe any. If it was intended to refer to page 436, and 434 was inserted by mistake, reformation ought to be sought. The fact that plaintiffs' deed contained the same mistaken reference, in addition to a correct description, was probably sufficient to prevent them from claiming to be bona fide purchasers without notice, because suggesting enquiry, but the existence of the same mistake in their deed does not cure the absence of a good description in defendant's deed.

And I do not think the doctrine of latent ambiguities, and of rejecting a false description which conflicts with the true one, can be resorted to. That doctrine would apply to plaintiffs' deed which does contain a true description by metes and bounds and a false one by reference to page 434, but it does not apply to defendant's deed which has no intelligible description beside

the false reference. Reformation alone can help it. The district judge so concluded and reformed it. But this he should not have done without any pleading or prayer to that end. The case ought to be reversed for a more orderly trial.