O. D. SMALL v. EARL C. MORRIS ET UX.

No. A-3878. Decided February 11, 1953.
Rehearing overruled March 11, 1953.
(255 S.W. 2d Series 174)

*Leachman, Matthews & Gardere* and *Henry D. Akin,* all of Dallas, for petitioner.

The Court of Civil Appeals error in holding that the description of the real estate in the contract of exchange, plaintiffs' original petition and the judgment of the trial court was sufficient to locate the property on the ground so as to enable an officer levying a writ of possession thereunder to definitely identify the property. Morrison v. Dailey, 6 S.W. 426; Hereford v. Tilson, 145 Texas 600, 200 S.W. 2d 985; Tram Lumber Co. v. Hancock, 70 Texas 312.

*Thompson & Coe,* of Dallas, *Johnson, Phillips, Hester, Jenkins & Lewis* and *Darrell B. Hester,* all of Harlingen, for respondents.

In response to petitioner's proposition, cited.

Jones v. Traders & Gen. Ins. Co., 188 S.W. 2d 739; McClure v. May, 217 S. W. 2d 44; Stewart v. Collatt, 154 S.W. 2d 891.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit involving a contract to exchange properties between petitioner and respondents. Respondents, Morris, as plaintiffs below, filed suit against Small in the nature of a trespass to try title suit for three tracts of land in Dallas County, Texas. Defendant answered by a plea of not guilty and general denial and a cross action for damages on account of alleged misrepresentations concerning certain land and improvements thereon in Cameron County, Texas, which plaintiffs had contracted to exchange for defendant's Dallas property. Trial was to a jury which made answer to certain special issues on the alleged fraud and misrepresentations. The trial court rendered judgment for the plaintiffs for title and possession of the Dallas property, for rentals thereon, and for certain moneys deposited in the registry of the court, and that defendant take nothing on his cross action. Upon appeal to the Court of Civil Appeals this judgment was affirmed. 252 SW 2d 772.

The decisive point in this case is whether or not the description of the Dallas property contained in the contract, plaintiffs' petition and the judgment of the trial court is sufficient to identify the property. We have decided that such description is insufficient.

After the contract of exchange of properties was entered into defendant executed a deed to the Dallas property, but this deed was never delivered. The escrow holder, who was made party to the suit, tendered the deed into the registry of the court to be disposed of by the judgment. The trial court's judgment ordered the clerk of the court to deliver the deed to the plaintiffs, Morris.

The deed introduced in evidence, which was all the proof as to the locations of the three lots in controversy, described the lots as follows, and in order to illustrate our reasoning, we draw a sketch below so as to show the description of the property as set out in the deed. We have added to the deed, in parentheses, lettered points which will clarify and explain our sketch.

"All that certain lot, tract or parcel of land situated in the County of Dallas, State of Texas, and being two (2) tracts described as follows:

"First Tract: Being the south 110 feet of Lot 6 in Black 3 of the J. L. Elam Addition of the W. B. Elam Survey, Abstract #441, more fully described as follows:

"Beginning at the Southwest corner of said Lot 6; (Point A)
"Thence North along the east line of Trammel Drive 110 feet to a point for corner; (Point B)

"Thence East and parallel with the dividing line between Lots 5 and 6, 150 feet to a point for corner in the east line of Lot 6; (Point C)

"Thence south along the east line of Lot 6, 110.8 feet to the southeast corner of said Lot 6; (Point D)

"Thence west along the south line of Lot 6, 150 feet to the place of beginning.

"Second Tract: Being 55 x 150 feet of Lot 5 in Block 3 of J. L. Elam Addition out of the W. B. Elam Survey, Abstract #441, more fully described as follows:

"Beginning at a point (Point E) in the east line of Trammel Drive, said point being 165 feet north of the southwest corner of Lot 6 of Block 3 (Point A) and being the northwest corner of a tract deeded to Clifford E. Tidwell, by the grantor herein by deed dated August 30, 1948 and recorded in the deed records of Dallas County, Texas;

"Thence north along the east line of Trammel Drive, 55 feet to a point for corner; (Point F)

"Thence east and parallel to the dividing line between Lots 5 and 6, 150 feet to a point for corner in the east line of Lot 5; (Point G)

"Thence south along the east line of Lot 5, 55 feet to a point for corner; being the northeast corner of the Tidwell tract; (Point H)

"Thence west along the north line of the Tidwell tract, 150 feet to the place of beginning."

■ In the contract the property is described as "1204, 1206 and 1210 Trammell Drive and set out in the Elam Survey of Dallas County, Texas," and in the petition and judgment as "Three 50 foot tracts of land out of Lots 5 and 6, Block 3, J. L. Elam Addition to Dallas, Dallas County, Texas, and being number (ed) 1204, 1206 and 1210 Trammell Drive, Dallas, Texas". It will be noted that the petition and judgment adds to the description contained in the contract the following more particular description: "Three 50 foot tracts of land out of Lots 5 and 6, Block 3, J. L. Elam Addition to Dallas, Dallas County, Texas". This court judicially knows that houses situated on tracts of land upon a street are numbered in even numbered sequence on one side of the street. The deed introduced in evidence does not number the tracts of land, but it does show that the southern and larger tract fronts 110 feet on Trammell Drive and the northern tract is 55 feet north of the southern tract and fronts 55 feet on Trammell Drive. The other evidence shows that number 1208 is between number 1206 and 1210 and that number 1204 and 1206 are adjacent. The vacant space shown on the above plat, as called for in the field notes (Points B to E) in

the deed, is 55 feet on Trammell Drive and is the tract that would bear the number 1208. Therefore, we know that numbers 1204 and 1206 are each 55 feet on Trammell Drive. Taking the description of the property as given by field notes in the deed, it is impossible to get three 50 foot tracts of land on Trammell Drive out of the southern, or larger tract, (Points A, B. C. and D) or out of the northern, or smaller tract. If one attempts to get two 50 foot lots facing on Trammell Drive (as they face to be numbered 1204, 1206 Trammell Drive) where shall they be located? Shall they be located in the northern part of the 110 foot tract, or the southern part, or in the middle, or one adjacent to the north boundary and one adjacent to the south boundary, thus leaving a strip, or strips of land, not covered by the petition or judgment? Numbers 1204, 1206 and 1210 Trammell Drive, according to the description in the deed, each front 55 feet on Trammell Drive. The same reasoning applies when one attempts to locate a 50 foot lot out of the north tract of 55 feet. (Points E, F. G and H)

■ There is nothing in the contract, the petition, the deed, or the judgment whereby you can locate the three 50 foot tracts of land sued for and awarded to the plaintiffs below. Thus our examination of the record shows there is not a sufficiently definite description of the land to support a judgment for the three 50 foot tracts therein set out. Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150; Greer v. Greer, 144 Texas 528, 191 S.W. 2d 848; Smith v. Griffin, 131 Texas 509, 116 S.W. 2d 1064; Harrison v. Tinney, Texas Civ. App., 250 S.W. 2d 631, writ refused; Stovall v. Finney, Texas Civ. App., 152 S.W. 2d 887, no writ history; Stewart v. Collatt, Texas Civ. App., 111 S.W. 2d 1131, no writ history.

The Court of Civil Appeals, in its opinion on rehearing, states that the description in the petition and judgment would be insufficient were it not for the fact that the numbers of the three tracts are given as 1204, 1206 and 1210 Trammel Drive, Dallas, Texas, plus the fact that a reference to the deed introduced in evidence, (and by the judgment ordered delivered to respondents) will give a sufficient description so that the land could be located in the ground. We have demonstrated above that the land cannot be so located. Respondents say in their answer that "the three (3) fifty ft. (50') lots referred to are not repugnant to two (2) tracts of land whose *length* total one hundred fifty feet (150') and out of whose *length* such width measurements for the 50' lots are taken and which 50' lots each

have a *length* of 165', being the *width* measurement of the two (2) tracts of land 110' and 55' in width".

A look at the above plat effectively answers that argument. There is an intervening tract between the two tracts conveyed by the deed, which prevents cutting three lots 50 x 165 feet. These purported three tracts would not face, or be numbered as fronting, on Trammel Drive.

Our holding on the above proposition makes unnecessary any discussion of the other points urged by petitioner.

The judgments of both courts below are hereby reversed, and judgment is here rendered that respondents take nothing.

Opinion delivered February 11, 1953.

Rehearing overruled March 11, 1953.