In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00159-CV


______________________________




BONNIE BRYAN MAYOR, Appellant



V.



VIDAL GARCIA, Appellee




 


On Appeal from the 61st Judicial District Court


Harris County, Texas


Trial Court No. 2001-36465




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



This case involves a dispute over a land sales contract. Bonnie Bryan Mayor, the
seller, appeals a jury verdict and final judgment granting specific performance in favor of
Vidal Garcia, the buyer. Mayor presents four points of error: (1) whether the property
description in the land sales contract was insufficient under the statute of frauds as a
matter of law; (2) whether the trial court erred by not submitting a question on fraud to the
jury; (3) whether Garcia had "unclean hands" and was therefore not entitled to the
equitable remedy of specific performance; and (4) whether Mayor is entitled to attorney's
fees.

 Mayor became the sole owner of the disputed property on Frudge Road in 1985.
After becoming sole owner, Mayor never visited the property, but paid the taxes on it to the
Harris County Appraisal District (HCAD). 

 In May 2001, Garcia sought to purchase some property on or around Frudge Road
to build a home. On May 30, 2001, after a series of negotiations and without counsel,
Garcia and Mayor entered into a land sales contract (Mayor-Garcia contract). The contract
contained a property description taken from an HCAD report. Both parties signed the
contract and scheduled closing for June 22, 2001. At closing, Garcia tendered final
payment on the property. Mayor, however, did not attend. 

Garcia sued for specific performance on the contract. A jury found in Garcia's favor,
and the trial court granted him specific performance and attorney's fees. Mayor filed a
motion for judgment notwithstanding the verdict, which was denied by the trial court. This
appeal followed.

In her first point of error, Mayor contends she was entitled to a judgment
notwithstanding the verdict because the property description in the Mayor-Garcia contract
was insufficient as a matter of law. 

Texas Rule of Civil Procedure 301 provides that a trial court may render judgment
non obstante veredicto (JNOV) if a directed verdict would have been proper. See Tex. R.
Civ. P. 301. A directed verdict is proper when the evidence conclusively proves a fact that
establishes a party's right to judgment as a matter of law. See Kline v. O'Quinn, 874
S.W.2d 776, 785 (Tex. App.-Houston [14th Dist.] 1994, writ denied). Under the same
rationale, a motion for JNOV should be granted when the evidence is conclusive and one
party is entitled to judgment as a matter of law. See Mancorp, Inc. v. Culpepper, 802
S.W.2d 226, 227-28 (Tex. 1990); Taco Cabana, Inc. v. Exxon Corp., 5 S.W.3d 773, 777
(Tex. App.-San Antonio 1999, pet. denied). 

The adequacy of a property description in a land sales contract is a question of law
within the purview of the statute of frauds. See Morrow v. Shotwell, 477 S.W.2d 538, 540
(Tex. 1972). We review questions of law de novo. See Gill v. Boyd Distribution Ctr., 64
S.W.3d 601, 603 (Tex. App.-Texarkana 2001, pet. denied).

The statute of frauds requires that all conveyances of real property be in writing and
signed by the party to be charged. See Tex. Bus. & Com. Code Ann. § 26.01(b)(4) (Vernon
2002). For a land sales contract to meet the requirements of the statute of frauds, it must
furnish within itself or by reference to another existing writing the means or data to identify
the particular land with reasonable certainty. See Jones v. Kelley, 614 S.W.2d 95, 99 (Tex.
1981) (citing Morrow, 477 S.W.2d at 539; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150,
152 (1945)). A description's validity under the statute of frauds is not affected by the
knowledge or intent of the parties. See Morrow, 477 S.W.2d at 540. Further, a plat made
from extrinsic evidence cannot give validity to the description. See id.

Our task is to analyze the property description in the Mayor-Garcia contract to see
if it furnishes within itself the means or data to identify the tract with reasonable certainty. 
This is a two-step process: (1) to look at the data in the contract itself and, if that fails, (2)
to determine whether the contract adequately references another document supplying the
missing terms. 

The Mayor-Garcia contract contained the following property description: 



 


 




On its face, the Mayor-Garcia property description is insufficient to identify the
property with reasonable certainty. First, the description provides no county or city for the
property. Even though what is purported to be a Zip Code, 77025, is shown in the
description, presumably providing the data necessary to identify the city and county of the
property, Mayor testified her property lies within Zip Code 77047, not 77025. Without
resorting to parol, there is no way to determine the city or county of the property. While we
have found no case explicitly holding that failure to list the county and city in the description
is, by itself, fatal, several cases have relied on such failure as strong evidence of an
insufficient description. See, e.g., Pick v. Bartel, 659 S.W.2d 636, 638 (Tex. 1983). (1)

In addition to providing no county or city, the description does not provide the total
acreage to be sold, nor does it provide the data necessary to arrive at this determination. 
From parol, we know Mayor owned 5.082 total acres on Frudge Road. But nowhere in the
description is 5.082 acres specified. Rather, the only possible reference in the description
to acreage is the term "4.9500 AC." This reference, however, is inconsistent with Mayor's
total acreage on Frudge Road. Further, it is not clear whether the term "4.9500 AC" even
refers to acreage at all. In addition, nowhere in the Mayor-Garcia contract is there an
indication that Mayor intended to sell all of her property on Frudge Road. Without more,
we cannot know the amount of land contracted to be sold. 

What remains in the description are terms that, by themselves, provide only a basis
of inference or language that can only be expanded by parol. 

In Texas, the use of parol evidence to determine a property description is limited. 
The Texas Supreme Court in Pick, 659 S.W.2d at 637 (quoting Wilson, 188 S.W.2d at
152), reiterated this limitation: 

The certainty of the contract may be aided by parol only with certain
limitations. The essential elements may never be supplied by parol. The
details which merely explain or clarify the essential terms appearing in the
instrument may ordinarily be shown by parol. But the parol must not
constitute the framework or skeleton of the agreement. That must be
contained in the writing. Thus, resort to extrinsic evidence, where proper at
all, is not for the purpose of supplying the location or description of the land,
but only for the purpose of identifying it with reasonable certainty from the
data in the memorandum.

In the Mayor-Garcia property description, the essential elements of location and
amount of property to be sold are either left to inference or to be supplied by parol. Thus,
in looking at the property description, we conclude the description itself is insufficient as
a matter of law.

But this does not end our inquiry. The next step is to determine whether the
contract sufficiently references another writing supplying the missing terms. If it does, the
referenced writing must have been in existence at the time the parties signed the contract.
See Jones, 614 S.W.2d at 99.

Garcia testified he obtained the "shorthand" description of the property from an
HCAD report. But the description in the Mayor-Garcia contract provides no reference to
the HCAD report. Moreover, even if the contract specifically referenced the HCAD report,
the report itself fails to provide a sufficient description. (2) Therefore, under step two of our
inquiry, there is no referenced document providing the missing essential terms.

Garcia also asks us to apply the "nucleus of description" theory. This theory,
outlined in Gates v. Asher, 154 Tex. 538, 280 S.W.2d 247, 248-49 (1955), provides that,
if enough information appears in the description so that a party familiar with the locality can
identify the property with reasonable certainty, then the property description will be
sufficient. 

To support the proposition that the Mayor-Garcia property description contained a
"nucleus of description," Garcia points to Stewart Title's ease in locating the property with
only the information contained in the property description. (3)

The "nucleus of description" theory applied in Gates, however, is distinguishable
from the present case. In Gates, the court of appeals concluded the property description
failed because it contained a reference to a nonexisting survey-"Denver Resurvey No. 2." 
See id. at 249. The Texas Supreme Court, however, read all the terms of the Gates
property description together and determined that "Denver Resurvey No. 2" actually
referred to an existing survey-"Denver Resurvey" and the No. 2 referred to a block number
within the "Denver Resurvey." The court merely construed existing terms within the
description liberally to provide meaning to all the terms of the description. See id. In our
case, however, no terms within the description provide a "nucleus of description" for either
an amount of acreage to be sold or Mayor's intention to sell all of her property, or the
county and city of the property. We conclude, therefore, that the Mayor-Garcia contract
does not contain a sufficient "nucleus of description."

In addition, Garcia contends the reference to "Frudge Road" in the description was
enough to describe the land with reasonable certainty because Mayor only owned one tract
of land on Frudge Road. In support of his contention, Garcia points to the Texas Supreme
Court's holding in Kmiec v. Reagan, 556 S.W.2d 567, 569 (Tex. 1977). In Kmiec, the court
held, "When the grantor is stated to be the owner of the property to be conveyed and it is
proved that the grantor owns only a single tract answering the description, the land is
identified with reasonable certainty." Id. 

Kmiec, however, is also distinguishable from the present case. Kmiec involved an
option contract to buy three separate tracts of land-150 acres of tract #1 and two tracts of
168.25 acres each. The defect in the Kmiec-Reagan option was an uncertainty about the
shape of two of the tracts, not the total acreage of the property. Reagan, the seller, only
owned the three tracts of land specified in the option. Id. In addition, the property
description within the option contract contained a specific reference to the acreage to be
sold-one tract containing 150 acres and two tracts containing 168.25 acres each. Id. The
court found that, because Reagan only owned these tracts, the tracts were sufficiently
described. But the present case is different. As stated above, the Mayor-Garcia contract
provides no acreage, or at minimum, acreage inconsistent with the total acreage owned
by Mayor, but no indication that Mayor intended to sell all of her property on Frudge Road. 
In the Mayor-Garcia property description, a determination of this essential element-the
amount of property to be sold-can only be supplied by either inference or parol. This
approach does not meet the test of reasonable certainty. See Morrow, 477 S.W.2d at 541.
 We recognize that the record leaves little doubt Garcia and Mayor knew and
understood what property was intended to be conveyed. Moreover, Stewart Title, by a
search of abstract records and by using the information in the Mayor-Garcia property
description, was able to locate the property and make a plat. But knowledge and intent of
the parties will not give validity to the contract, id. at 540; neither will a plat made from
extrinsic evidence. Id. 

The essential elements of a property description may never be supplied by parol. 
Id. at 541. In the Mayor-Garcia contract, the essential elements of the description are
either left to inference or to be supplied by parol. Such a description is palpably insufficient
to support a suit either for specific performance or for damages. See Wilson, 188 S.W.2d
at 154.

Mayor's first point of error is sustained, and the trial court's holding is reversed and
rendered in favor of Mayor.

Because Mayor's appeal is reversed and rendered on her first point of error, voiding
the Mayor-Garcia contract under the statute of frauds, we need not address the issues of
fraud and "unclean hands." The only outstanding issue on appeal, therefore, is whether
Mayor is entitled to attorney's fees. Consistent with the Mayor-Garcia contract and a jury's
finding on this issue, we conclude Mayor is entitled to attorney's fees. 

The Mayor-Garcia contract contained the following provision: 

ATTORNEY'S FEES: The prevailing party in any legal proceeding brought
under or with respect to the transaction described in this contract is entitled
to recover from the non-prevailing party all costs of such proceeding and
reasonable attorney's fees. 


 The jury found that a reasonable attorney's fee for Mayor is $12,000.00, and for
appeal, $5,000.00. Because we render judgment in favor of Mayor, she is entitled to
$17,000.00 in attorney's fees.

 For the reasons stated, the judgment granting specific performance and attorney's
fees in favor of Garcia and against Mayor is reversed and rendered, and judgment is
hereby granted in favor of Mayor against Garcia for attorney's fees in the total amount of
$17,000.00.



 Donald R. Ross

 Justice


Date Submitted: February 21, 2003

Date Decided: March 10, 2003

1. 
[1]Other cases similarly holding include: Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152
(1945); Osborne v. Moore, 112 Tex. 361, 247 S.W. 498, 500 (1923); Coker v. Roberts, 71
Tex. 597, 9 S.W. 665, 667 (1888); Jones v. Carver, 59 Tex. 293, 294 (1883); Yenda v.
Wheeler, 9 Tex. 408 (1853); Wiseman v. Zorn, 309 S.W.2d 253, 260 (Tex. Civ. App.-
Houston 1958, no writ); Cf. Garner v. Redeaux, 678 S.W.2d 124, 127 (Tex. App.-Houston
[14th Dist.] 1984, writ ref'd n.r.e.).

2. 
[2]The HCAD report contains no more information than the Mayor-Garcia property
description.
3. 
[3]It is not clear from the record whether Stewart Title used other documents to locate the
property.