In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00090-CV
_____


**LARRY D. PREWITT AND DEBORAH D. PREWITT, Appellants**

**V.**

**JACKIE NEIL NORSWORTHY, Appellee**

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 33060**

**MEMORANDUM OPINION**

In this trespass to try title action, Larry D. Prewitt and Deborah D. Prewitt appeal from the trial court's judgment awarding title and possession of a three-acre tract of property to Jackie Neil Norsworthy. Following a bench trial, the trial court concluded that Norsworthy had proven that the chain of title for his deed to properties that included the three-acre tract could be continuously traced to a patent deed issued by the sovereign. In an additional conclusion, the trial court held that

Norsworthy established during the trial that he acquired the contested three-acre tract by adverse possession.

The Prewitts appealed from the judgment awarding the tract to Norsworthy. In three issues, they claim the evidence is legally insufficient to support the trial court's findings and its conclusions awarding the tract to Norsworthy.[1] We conclude that the evidence Norsworthy presented in the trial failed to establish that his chain of title to the three-acre tract could be traced to the patent deed issued by the sovereign. Nonetheless, we also conclude that legally sufficient evidence was admitted during the trial that was sufficient to support the trial court's express and implied findings that are relevant to Norsworthy's claim of adverse possession. Based on the trial court's conclusion that Norsworthy acquired the three-acre tract by adverse possession, we affirm the trial court's judgment.

## Background

The dispute at issue in this appeal concerns an approximate three-acre tract of property located in Jasper County, Texas. The contested three-acre tract is located within the northeastern quarter of the A.H. Alley Survey.

---

[1] The Prewitts' original appellate brief asserted six issues, including two claiming the trial court erred by failing to comply with their request to issue findings of fact and conclusions of law. After abating the case, the trial court issued its findings and conclusions. Subsequently, the Prewitts filed a supplemental brief, and in their supplemental brief, they presented the three legal sufficiency issues, which we resolve in this opinion.

2

In 1996, Norsworthy's parents, Archie and Zora Norsworthy, gave Jackie Neil Norsworthy a deed that included an 11.416-acre tract of property that lies partially in the A.H. Alley Survey and partially in the C.A. Horn Survey. All of the contested tract, which is the acreage at issue in the appeal, lies within the A.H. Alley Survey, and all of the remaining acreage conveyed by the 1996 deed lies in the C.A. Horn Survey.

Approximately fourteen years after Norsworthy's parents gave him the 11.416-acre tract, the Prewitts purchased approximately 311 acres of property from Kenneth and Sharon Hammers. The property described in the Hammers deed lies within several surveys including the A.H. Alley Survey and the C.A. Horn Survey. Based on the description of the property conveyed by the Hammers deed, the Hammers deed also purports to convey the contested three-acre tract. Subsequently, a dispute between the Prewitts and Norsworthy arose over who owned the contested three-acre tract.

In 2013, Norsworthy sued the Prewitts seeking to quiet title to the tract. In his suit, Norsworthy alleged that he had superior title to the contested tract, and he also claimed that by occupying the property, he had acquired the property by adverse possession. Prior to trial, Norsworthy filed an abstract of title. Following a bench trial, the trial court concluded that Norsworthy could trace his title in the

3

contested tract to a patent deed, and that Norsworthy also established that he acquired the property by adverse possession.

Standard of Review

In an appeal from a bench trial, an appeals court reviews a party's legal sufficiency challenge under the same standards that are applied to the review of a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When reviewing a finding for legal sufficiency, we credit the favorable evidence if a reasonable factfinder could and disregard the contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). On review, the appeals court will sustain a no-evidence point if

> (1) the record discloses a complete absence of evidence of a vital fact[,] (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact[,] (3) the evidence offered to prove a vital fact is no more than a mere scintilla[,] or (4) the evidence establishes conclusively the opposite of the vital fact.

*Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003); *see also City of Keller*, 168 S.W.3d at 807. In addition, the trial court, which acted as the factfinder, determined which of the witnesses who testified were credible and decided what weight it wished to assign to the evidence admitted during the trial. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *City of Keller*, 168 S.W.3d at 819.

4

While we review the factual findings that a trial court makes following a bench trial in the light that is most favorable to its verdict, we review the trial court's legal conclusions using a de novo standard. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Nonetheless, if a party demonstrates in an appeal that the trial court erred, the trial court's judgment will not be reversed if the record from the trial shows that the trial court, despite its error, reached the proper judgment. *Id.* Additionally, where the trial court's findings are incomplete on a party's claim but the trial court made findings in favor of the prevailing party on one or more elements of its claim, we imply that the trial court would have found in favor of the prevailing party on any remaining elements of the prevailing party's claim if the losing party has not filed a written request for additional findings. *See Man Indus. (India), Ltd. v. Midcontinent Express Pipeline, LLC*, 407 S.W.3d 342, 351 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *see* Tex. R. Civ. P. 299; *Park v. Payne*, 381 S.W.3d 615, 618-19 (Tex. App.—Eastland 2012, no pet.).

## Analysis

In their first issue,[2] the Prewitts challenge the legal sufficiency of the evidence supporting the trial court's conclusion that Norsworthy's evidence

---

[2] As explained in the prior footnote, after the parties filed their initial briefs, we abated the appeal to allow the trial court to reduce its findings and conclusions

established a formal chain of title to the contested tract traceable to a patent deed issued by the sovereign. To prevail on a claim alleging that a party has superior title in a tract of property, the party must establish that it has (1) title emanating from the sovereignty of the soil, (2) superior title in itself emanating from a common source to which the defendant claims, (3) title by adverse possession, or (4) title by earlier possession coupled with proof that possession has not been abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Because the Prewitts' and Norsworthy's deeds to the contested tract share only the original patent deed as their common source, Norsworthy was required to prove that he had a regular chain of conveyances from the sovereign to prevail on his claim. *See id.*

According to the Prewitts, Norsworthy's evidence was legally insufficient to establish his claim to the contested tract because one of the deeds in his chain—the 1861 deed from A.H. Alley to C.A. Horn—failed to adequately describe the property the deed conveyed. The 1861 deed described the property conveyed as follows:

to writing in response to the Prewitts' issues complaining that the trial court erred by failing to reduce its findings to writing. After the trial court reduced its findings and conclusions to writing, the parties filed supplemental briefs. The Prewitts' supplemental brief does not contain any issues complaining that the trial court erred by failing to render further written findings and conclusions. Nonetheless, because the judge who presided over the trial retired before we abated the case, the findings and conclusions that are before us were rendered by a different judge from the one who presided over the trial and ruled in Norsworthy's favor on all of his claims.

a certain tract or parcel of land lying and being in the County of Jasper Fifteen Miles South of Jasper Town. I[,] A.H. Alley do sell to C.A. Horn all that parcel of land lying East of Horn Church being a part of My Preemptive Right[.]

Under Texas law, a deed "must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *Wilson v. Fisher*, 188 S.W.2d 150, 152 (Tex. 1945). The sufficiency of the legal description in a deed presents a matter that is generally resolved as a question of law. *Wiggins v. Cade*, 313 S.W.3d 468, 472 (Tex. App.—Tyler 2010, pet. denied); *Dixon v. Amoco Prod., Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied). "To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed." *Hahn v. Love*, 394 S.W.3d 14, 25 (Tex. App.—Houston [1st. Dist.] 2012, pet. denied). A property description in a deed is sufficient if the deed furnishes within itself, or by reference to some other existing writing, the means or data by which to identify the particular land being conveyed with reasonable certainty. *See AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008) (noting that conveyances of land require a description of the property sufficient to allow an individual to locate the conveyed property with reasonable certainty).

The description of the tract being conveyed by the 1861 deed does not describe where within the A.H. Alley Survey the Horn Church was located or the

7

size of the tract the deed intended to convey, nor does the deed reference any documents or monuments from which an individual could identify with reasonable certainty the portion of A.H. Alley's property that the grantor intended his deed to convey. We conclude that given the insufficient description of the property conveyed in the 1861 deed, the evidence Norsworthy introduced at trial was legally insufficient to establish that his deed could be traced through a regular chain of conveyances to the sovereignty of the soil. *See id.* We conclude that the trial court erred by holding that Norsworthy established superior title based on the validity of the conveyances that he traced to his deed. *See Martin*, 133 S.W.3d at 265. We sustain the Prewitts' first issue.

In issues two and three, the Prewitts challenge the trial court's conclusion that Norsworthy obtained title to the contested tract by adverse possession. *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.025-.26, 16.028-.029 (West 2002); *Martin*, 133 S.W.3d at 265 (providing that superior title can be proved by adverse possession). With respect to Norsworthy's claim of adverse possession, the trial court noted at the end of trial that "legal title -- or superior title is in [Norsworthy,] and [Norsworthy] has proved a limitation title under the 3, 5, and 25-year statute of limitations."[3] Although the written conclusions the successor

---

[3] The written findings on adverse possession, which were filed by a judge who did not preside over the trial, do not mention the twenty-five-year limitations

8

trial judge rendered do not expressly include a finding regarding the twenty-five-year adverse possession statute, the Prewitts did not ask the successor judge to make additional findings. *See* Tex. R. Civ. P. 298. Additionally, in the successor judge's written findings of fact, there are findings that favor Norsworthy on elements of his claim that he acquired title to the contested tract by adverse possession for a period exceeding twenty-five years. Consequently, any additional findings that were needed regarding Norsworthy's twenty-five-year adverse possession claim are supplied by implication. *See* Tex. R. Civ. P. 299.

At the conclusion of the trial, Norsworthy argued that the evidence during the trial established that he had proven limitations title under the five, ten, and twenty-five year statutes that govern claims for adverse possession. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.025-.026, 16.028. Section 16.025 of the Texas Civil Practice and Remedies Code provides a five-year statute of limitations for adverse possession, and requires the claimant establish that for the five-year period he: (1) cultivated, used, or enjoyed the property; (2) paid applicable taxes; and (3) claimed the property under a duly registered deed. *Id.* § 16.025(a). Section 16.026 of the Civil Practice and Remedies Code provides a ten-year statute of limitations

_____

statute, but the written findings do reflect the successor judge's conclusion that Norsworthy held peaceable and adverse possession of the contested tract for more than five and more than ten years. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.025, 16.026 (West 2002).

9

for adverse possession, and requires the claimant to show that in a ten-year period prior to suit the property was "held in peaceable and adverse possession" by one "who cultivates, uses, or enjoys the property." *Id.* § 16.026(a). Section 16.028 of the Civil Practice and Remedies Code provides a twenty-five-year statute of limitations for adverse possession, and requires a claimant to prove that during the entire period he held the property peaceably and in good faith in adverse possession to others based on a deed that purportedly conveyed the property, and to show that the deed had been recorded in the county where the property is located for a period of more than twenty-five years. *Id.* § 16.028(a).

A party seeking to establish title to land by adverse possession has the burden of pleading and proving every fact essential to that claim. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990); *Harlow v. Giles*, 132 S.W.3d 641, 647 (Tex. App.—Eastland 2004, pet. denied). Texas law requires that adverse possession be "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1) (West 2002). The possession must be actual, visible, continuous, notorious, distinct, hostile, and of such a character "as to indicate unmistakably an assertion of a claim of exclusive ownership of the occupant." *Rhodes*, 802 S.W.2d at 645. However, "'hostile' use

10

does not require an intention to dispossess the rightful owner, or even know that there is one." *Tran v. Macha*, 213 S.W.3d 913, 915 (Tex. 2006). Nonetheless, "there must be an intention to claim property as one's own to the exclusion of all others[.]" *Id.* "Belief that one is the rightful owner and has no competition for the ownership of the land at issue is sufficient intention of a claim of right." *Kazmir v. Benavides*, 288 S.W.3d 557, 564 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Generally, whether a party has proven a claim of adverse possession is a matter that is resolved as a question of fact. *See Estrada v. Cheshire*, 470 S.W.3d 109, 123 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

The evidence before this Court shows that Norsworthy obtained a deed to the contested tract in 1996. The 1996 deed contains a description of the property that includes the contested tract. Therefore, by 2013, when Norsworthy sued the Prewitts, the evidence shows that Norsworthy had a duly registered deed filed in Jasper County, that Norsworthy's deed included the contested tract, and that Norsworthy had hunted and fished on the contested tract for almost seventeen years. Additionally, the evidence pertinent to Norsworthy's deed reflects that for many years before he filed his deed, deeds describing the contested tract were in his chain of title dating back more than fifty years.[4]

---

[4] For example, the evidence admitted in the trial includes a deed signed in 1943 from L.H. Couey and his wife, Rosey Couey, granting a tract of property to

11

In addition to evidence showing that Norsworthy had hunted and fished on the contested tract for many years, Norsworthy conclusively established that he and his predecessors in title had paid property taxes on the contested tract for more than twenty-five years. Under Texas law, a rebuttable presumption arises that a tract of property has been in the continuous possession of the persons claiming it adversely when the evidence shows they have paid taxes on the tract for more than twenty-five years. *See Estrada*, 470 S.W.3d at 124. In lawsuits involving the title to real property, the Legislature has provided that

> it is prima facie evidence that the title to the property has passed from the person holding apparent record title to an opposing party if it is shown that . . . for one or more years during the 25 years preceding the filing of the suit the person holding apparent record title to the property did not exercise dominion over or pay taxes on the property[, and, that] during that period[,] the opposing parties and those whose estate they own have openly exercised dominion over and have asserted a claim to the land and have paid taxes on it annually before becoming delinquent for as long as 25 years.

Tex. Civ. Prac. & Rem. Code Ann. § 16.029(a)(1)(2). The trial court properly tacked the evidence that was relevant to Norsworthy's claim through his predecessors in title to the period that he had exercised ownership rights in the contested tract, as the prior owners claiming title through his chain were in privity

N.J.B. Folsom. The description of the property in this deed includes the contested tract, and information included with the deed indicates that the deed was filed in Jasper County in 1943.

12

with respect to the contested tract. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.023 (West 2002) ("To satisfy a limitations period, peaceable and adverse possession does not need to continue in the same person, but there must be privity of estate between each holder and his successor."). Under Texas law, "[w]here there is privity of estate between a predecessor and plaintiffs who claim land by adverse possession, the period of possession of the current possessor may be tacked to that of the prior possessor to satisfy the full ten or twenty-five year period required for adverse possession." *Estrada*, 470 S.W.3d at 124.

In addition to the evidence showing that Norsworthy and his predecessors had regularly paid the taxes on the contested tract, there is testimony in the record of the trial showing that Norsworthy's father and grandfather had lived on the property adjacent to the contested tract and had maintained the contested tract. According to the testimony, Norsworthy, Norsworthy's father, and Norsworthy's grandfather had all used the contested tract for over forty years, they had hunted and fished on the contested tract over the years, and during the years that the tract had been in Norsworthy's family, they mowed the contested tract and logged the timber from it on three occasions. Additionally, Norsworthy and his father testified that no one other than Prewitt had ever contested their ownership of the contested tract.

In his testimony, Norsworthy's father testified that he had fenced the three-acre tract. Lequin Hilderbrand, a surveyor, testified that he surveyed the property in 1996 at Norsworthy's request. Hilderbrand, testified that in his 1996 survey of Norsworthy's property, which included the contested three-acre tract, the three-acre tract had a very old fence.

The Prewitts contend the evidence admitted in the trial regarding Norsworthy's use of the property was legally insufficient to establish Norsworthy acquired the contested tract by adverse possession. The Prewitts rely on several cases, including cases from this Court, holding that evidence of sporadic, irregular, and occasional uses, and evidence of hunting, fishing, and other recreational uses, are insufficient to establish a claim of adverse possession. *See Gray v. Capps*, No. 09-01-222-CV, 2002 WL 415396, **4-5 (Tex. App.—Beaumont Mar. 14, 2002, pet. denied). However, the evidence in this case shows Norsworthy was entitled to tack to his ownership those in privity to his estate and that they had logged the contested tract three times and had also fenced the property. It is undisputed that Norsworthy and his predecessors paid the taxes on the tract for more than twenty-five years before the dispute arose. *See id.* § 16.029(a). These facts make this case distinguishable from the facts that were established in the various cases the Prewitts cited in their brief. We conclude that the record does not disclose a

complete absence of evidence on the vital facts upon which Norsworthy relied at trial to prove that he acquired the contested tract by adverse possession. The evidence that established Norsworthy's claim of adverse possession amounts to more than a mere scintilla, as it shows that Norsworthy and those in privity with him to the contested tract had used the tract in a manner that was inconsistent and hostile to the claims of others. *See Pitzner*, 106 S.W.3d at 727; *see also City of Keller*, 168 S.W.3d at 807. Because legally sufficient evidence supports the trial court's conclusion that Norsworthy acquired the contested tract by adverse possession, we overrule issues two and three. We affirm the trial court's judgment awarding Norsworthy title and possession of the contested tract.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 13, 2015
Opinion Delivered October 20, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.

15